**FILED**

JUL - 6 2009

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL ACTION NO. _____

**ANTOINE MARTIN**
4314 4th Street, N. W.
Washington, D. C. 20011

      **Plaintiff,**

    **v.**

**DISTRICT OF COLUMBIA**
Serve:  Mayor Adrian Fenty
**District Building**
1350 Pennsylvania Avenue, N. W.
**Suite 316**
Washington, D. C. 20004

      **AND**

Case: 1:09-cv-01241
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/6/2009
Description: Civil Rights-Non-Employ.

**OFFICER ALFONSO MATOS**
**FOURTH DISTRICT, METROPOLITAN**
  **POLICE DEPARTMENT**
6001 Georgia Avenue, N. W.
Washington, D. C. 20011

      **AND**

**UNKNOWN AND UNIDENTIFIED**
**OFFICERS OF THE**
 **D. C. METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

      **Defendants.**

**COMPLAINT**
(Violation of Constitutional Rights and Violation of Common Law Rights)

**INTRODUCTION**

Without justification, District of Columbia police officers accosted Antoine

Martin, a young African-American male, as he was walking in the vicinity of  Fourth

Street, N. W. , while peacefully walking down a city street . He brings this action for declaratory relief, damages, and other appropriate relief for redress of injuries from assault, battery, false arrest, excessive force, gross negligence, intentional infliction of emotional distress and negligent infliction of mental distress as a result of the defendants' actions.

1.    Jurisdiction of this action is conferred on the Court pursuant to 42 U,S.C. Code §§ 1981, 1983 and 1985 and 28 U.S.C. 1331 and 1343(3),  the Fifth Amendment to the United States Constitution, and under its pendant jurisdiction to adjudicate claims under the law of the District of Columbia pursuant to 28 U.S.C. § 1367. The unlawful assault, battery, false arrest, excessive force, gross negligence, negligence, intentional infliction of emotional distress by the defendants alleged below occurred within the District of Columbia and all parties  hereto are resident in the District or Columbia and further, that the District of Columbia, a body corporate, is a Defendant herein.

**PARTIES**

2.    Plaintiff, Antoine Martin, at all times pertinent hereto was a law abiding resident of the District of Columbia, and a student at the University of the District of Columbia.

3.    Defendant District of Columbia operates and governs the Metropolitan Police Department (hereinafter, "MPD") pursuant to the laws of the District of Columbia. At all times pertinent hereto, the Defendant District of Columbia, was and is a body politic who employs police officers as its agents, servants and employees and on July 5, 2008, employed Officer Matos and other unknown and unnamed police officers.

2

4.      At all times pertinent hereto, Defendant Officer Alfonso Matos, Fourth

District, was and is a police officer and an agent, servant and employee of the District of

Columbia and on July 5, 2008, while in the employ of the District of Columbia and acting

in his capacity as an employee, did assault, injure, falsely arrest, falsely detain and

deprive the Plaintiff of his civil rights.  On information and belief, Defendant Matos

continues to be employed by the MPS.  Defendant Matos is sued both in his individual

and official capacities.

5. At all times pertinent hereto, the Defendants, known and unknown police

officers of the MPD, were and are police officers and agents, servants and employees of

the District of Columbia and on July 5, 2008, while in the employ of the District of

Columbia and acting in their capacity as an employee(s), did assault, injure, falsely arrest,

falsely detain and deprive the Plaintiff of his civil rights.  These known and unknown

police officers are sued both in their individual and official capacities.

## FACTS

6.      At all times, Defendants Matos, and others, unknown and unnamed, as

MPD officers, acted under color of law, statute and regulation, custom or usage of the

District of Columbia.  At all pertinent times, these defendants were acting within the

scope of their employment as MPD and their conduct was foreseeable as being within the

range of responsibilities entrusted to such employees.

7.      On July 5, 2008, as Plaintiff Martin was walking peacefully in the vicinity

of Fourth Street, N. W., he was pursued by Defendant Officer Alfonso Matos who

approached him, began to violently beat him with hands, fist and feet, and kick and stomp

him, and violently throw him to the ground, throw him around as though he were a rag

3

doll, handcuff him, place him in a police vehicle and locked him up and charged him with the commission of a crime.

8.      On July 5, 2008, Plaintiff Martin was placed under arrest and cited as arrest number 040802022.

9.      After spending the night locked up in jail, Plaintiff Martin appeared before a judge and was given a date to appear back in court.

10.     Following, a subsequent court appearance, all charges against Plaintiff Martin were dismissed.

11.     This violent beating of the Plaintiff by Defendant Matos and other unknown and unnamed MPD police officers caused Plaintiff Martin to suffer severe injuries and endure tremendous pain.

12.     As a direct and proximate result of the actions of the Defendants and all of them, the Plaintiff sustained numerous personal injuries to his body as a whole and suffered humiliation and embarrassment and a loss of self esteem has suffered damage to his reputation, has suffered emotional distress, and has otherwise been severely damaged and injured.

13.     The acts and omissions of the Defendant(s), and each of them, violated the rights secured to the Plaintiff under the Fourth and Fifth Amendments.

<u>COUNT I</u>

Constitutional and Civil Rights Violation" Under 42 U.S.C. §1983: Compensatory Damages as to Defendants District of Columbia, Matos and All Other Unknown and Unidentified Defendants

14.     The Plaintiff realleges and incorporates by reference paragraphs one (1) through eight (13) as if fully

4

set out herein.

15. The conduct of Defendants Matos and other unknown MPD officers deprived the Plaintiff of his right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures.

16. Defendant District of Columbia followed policies and practices that did not require and provide adequatestandards for h officers, and that did not require and provide adequate training, supervision, and discipline of MPD officers, including Defendants Matos, and other unknown and unidentified MPD officers. Defendant District of Columbia was deliberately indifferent to the rights of persons with whom these officers would come into contact. The policies and practices of the District of Columbia thereby caused plaintiff to be deprived of his right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures.

## COUNT II

**Constitutional and Civil Rights Violations Pursuant to** 42 U.S.C. § 1983: **Punitive Damages as to Defendants Matosand Other Unknow**

17. The Plaintiff realleges and incorporates by reference paragraphs one (1) through sixteen (16) as if fully set out herein.

18. The acts of the Defendants Matos and the unknown and unidentified MPD officers were committed with actual malice. In an intentional and calculated manner, and with the deliberate and unjustified intent to injure and deny the Plaintiff's right secured by the United States Constitution.

## COUNT III

### False Arrest and Deprivation of Civil Rights and Civil Liberties: Compensatory Damages as to Defendants Matos and Other Unknown and Unidentified MPD officers

19. The Plaintiff realleges and incorporates by reference paragraphs one (1) through eighteen (18) as if fully set out herein.

20. The actions of the Defendants, and each of them, constitute a wholly unjustified restraint of the personal liberty and freedom of the plaintiff, and an illegal deprivation of his right to liberty and to be free from physical harm, and an arrest without probable cause and said actions did cause the plaintiff to be held without probable cause upon the actions and/or instigation's of the defendants, and the Plaintiff has thereby suffered damages.

6

COUNT IV

**Assault and Battery: Compensatory and Punitive Damages
as to Defendants Matos and Other Unknown and Unidentified
MPD officers**

21. The Plaintiff realleges and incorporates by
reference paragraphs one (1) through eight (20) as if fully
set out herein.

22. By their deliberate and malicious use of excessive
and unreasonable force in intentionally striking the
Plaintiff with both their hands, fists and feet including body slammin
officers committed numerous assaults and batteries against
the Plaintiff.

## Count V

**Negligence: Compensatory Damages as to
Defendants District of Columbia, Matos and Other
Unknown and Unidentified MPD Officers**

23. The Plaintiff realleges and incorporates by
reference paragraphs one (1) through twenty-two(22) as if
fully set out herein.

24. At all pertinent times, Defendants Matos and the
other unknown and unidentified MPD officers had an
obligation to exercise due care in ensuring the safety and
well being of the Plaintiff in a fair and reasonable
manner, without harm to his physical, mental and emotional

7

well being, and without placing him in fear of his safety. In failing to so act, Defendants Blakely, Caddle, Boone, and the other unknown and unidentified MPD officers negligently and carelessly inflicted bodily and material damage on Plaintiff and caused him to suffer emotional and mental distress.

25. Defendant District of Columbia had an obligation to set and follow adequate standards for hiring police officers, including Defendants Matos and the other unknown and unidentified MPD officers, and an obligation adequately to train, supervise, and discipline the defendant officers and was negligent in its failure to do so.

## COUNT VI

### Gross Negligence, wanton and Reckless Disregard: Compensatory Damages as to Defendants Matos and other Unknown and Unidentified MPD Officers

26. The Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-five(25) as if fully set out herein.

27. The acts of defendants Matos and other unknown and unidentified MPD officers as alleged supra were committed willfully, wantonly and with reckless indifference to their consequences.

## COUNT VII

### Intentional Infliction of Emotional Distress: Compensatory Damages as to Defendants Matos and other Unknown and Unidentified MPD officers

8

28. The Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-seven (27) as if fully set out herein.

29. The conduct of Defendants Matos and other unknown and unidentified MPD police officers in accosting the Plaintiff without probable cause, using excessive and unreasonable force to effect such unlawful arrest including but not limited to body-slamming, numerous assaults with hands, fists, and feet, stomping him with both feet, knocking his head to the pavement causing him to suffer severe injuries and endure tremendous excruciating and unnecessary pain, throwing him in a police vehicle and for no reason whatsoever, locking him in a jail cell was extreme and outrageous.

30. By assaulting and unlawfully arresting the Plaintiff in the neighborhood in which he resides among his neighbors, the humiliation suffered by the Plaintiff was compounded.

31. As a result of the vicious acts of the Defendants Matos and the other unknown and unidentified MPD officers, Plaintiff Martin continues to suffer severe emotional distress and psychological injuries.

## Count VIII

32. The Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-seven (31) as if fully set out herein.

33. The acts of Defendant Matos and other unknown and unidentified MPD officers acted with actual malice and with an intentional manner to inflict severe emotional distress upon Plaintiff Martin and to wrongfully deprive him of his Constitutional rights.

WHEREFOR, Plaintiff demands judgment against the Defendant District of Columbia and other defendants in the amount of ten ($10,000,000.00) million dollars, plus interest thereon and his costs expended herein, and attorney fees.

Respectfully submitted,

GREEN & FOUSHEE

By: 

IRIS McCOLLUM GREEN, ESQ.
D. C. Bar No. 932590
1730 M Street, N. W.
Suite 609
Washington, D. C. 20036
(202) 785 - 1171

Attorney for Plaintiff

## JURY DEMAND

10

PLAINTIFF DEMANDS A TRIAL BY JURY.