UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE MARTIN,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE DISTRICT OF COLUMBIA, *et al.*,  )<br>  )<br>    Defendants.  )<br>  ) | Civil Action No. 1:09-cv-01241 (EGS) |

## **DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss plaintiff's Complaint against the District. In the alternative, pursuant to Fed. R. Civ. P. 56, the District requests that the Court enter an order granting summary judgment in its favor. As grounds, the District states that:

    1.    Plaintiff failed to properly plead a claim for municipal liability under 42 U.S.C. § 1983; and

    2.    Plaintiff failed to comply with the statutory notice requirements of D.C. Official Code § 12-309.

A memorandum of points and authorities in support of this motion and a proposed order are attached hereto.

                                      Respectfully submitted,

                                      PETER J. NICKLES
                                      Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/Zuberi B. Williams    /paj
ZUBERI BAKARI WILLIAMS [980789]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 6-South
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email:  Zuberi.Williams@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE MARTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:09-cv-01241 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss the complaint filed herein. On the face of the Complaint, plaintiff alleges only two (2) counts against the District, namely a constitutional rights violation brought under 42 U.S.C. § 1983 (Count I) and a negligence claim (Count V). All remaining allegations appear to be asserted against other defendants who have not been served.[1]

**STATEMENT OF FACTS**

In his Complaint, Antoine Martin alleges that on July 5, 2008, he was walking in the vicinity of Fourth Street, N.W. and was approached by Metropolitan Police Department ("MPD") Officer Alfonso Matos. *See* Complaint at ¶ 7. According to plaintiff, Officer Matos falsely arrested and assaulted him. *Id.*

---

[1] Undersigned counsel only represents the District. Defendant Officer Alfonso Matos has not been served and is not represented by undersigned counsel at this time.

On July 6, 2009, plaintiff filed a Complaint naming the District of Columbia, Officer Alfonso Matos and other unnamed and unidentified MPD officers as defendants. Plaintiff specifically claims that the District infringed on his Fourth Amendment right to be free from unreasonable searches and seizures in violation of 42 U.S.C. § 1983 (Count I). *See id.* at ¶ 16. Additionally, plaintiff alleges that the District was negligent in hiring, training, supervising and disciplining the defendant officers (Count V). *See id* at ¶ 25. Among other forms of relief, plaintiff asks this Court to grant compensatory damages in the amount of $10 million. *Id*. at 10. For the reasons set forth below, the District is entitled to a dismissal of the Complaint, and/or judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

## I. STANDARD OF REVIEW

### A. MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard does not require plaintiff to plead detailed factual allegations, it unquestionably "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court in *Iqbal* firmly reiterated that a complaint is deficient "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration marks omitted). Thus, any pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)

(emphasis added).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration marks omitted).

### B. MOTION FOR SUMMARY JUDGMENT

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 (1986).  To be genuine, an issue must be supported by evidence sufficiently admissible that a reasonable trier of fact could find for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Laningham v. U.S. Navy,* 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  Additionally, to be material, a factual assertion must be capable of affecting the substantive outcome of the litigation.  *Id*.  Although the movant has the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law, the "moving party is not required to support its motion for summary judgment with 'affidavits or other similar materials *negating* the opponent's claim.'"  *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1041 (D.C. Cir. 2003) (citing *Celotex*, 477 U.S. at 323).  At this point, then, "the burden shifts to the non-movant to 'come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Shaw v. District of Columbia,* 2006 U.S. Dist. LEXIS 26904 at *14 (D.D.C. May 8, 2006) (internal citations omitted).

Fed. R. Civ. P. 56(e) reinforces that a plaintiff's response to a summary judgment motion, "may not rely merely on allegations or denials in [their] own pleading; rather, [their] response must — by affidavits or otherwise provided in this rule — set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Moreover, if plaintiff "[does] not so respond, summary judgment, if appropriate, shall be entered" against him. Fed. R. Civ. P. 56(e).

## II. ARGUMENT

### A. Plaintiff's § 1983 Claim Must be Dismissed Because He Fails to Plead Sufficient Facts to Support Municipal Liability.

To hold a municipality liable under 42 USC § 1983, a plaintiff must show that the municipality implemented or executed a policy or custom that caused the deprivation of plaintiff's constitutional rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (*per curiam*). Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the defendant. *See Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123-124 (1992)). In proving that a deprivation was caused by policy or custom, the Supreme Court has stated that a municipality's failure to train or supervise its employees can give rise to municipal liability if that failure reflects deliberate indifference to the rights of those with whom the employee interacted. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference, however, is determined objectively by "analyzing whether the municipality knew or should have known of the risk of constitutional violations," and yet failed to respond as necessary. *Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003).

In order to survive a motion to dismiss, a complaint must adequately allege the necessary elements of municipal liability, particularly that a policy or practice caused the alleged

6

constitutional violation. *See Dant v. District of Columbia*, 829 F.2d 69, 76-77 (D.C. Cir. 1987) (citing *Monell*, 436 U.S. 658 at 691). Furthermore, as stated above, the Supreme Court's decision in *Iqbal* requires that a plaintiff allege more than just a formulaic recitation of such elements in the complaint. *See* 129 S. Ct. at 1949. The Court expressly held that legal conclusions are not entitled to be assumed true. *Id.* at 1951. As such, a plaintiff must provide well-pleaded *factual* details that support the elements of municipal liability to meet the pleading requirements of Fed. R. Civ. P. 8 and survive a motion to dismiss. *See id.*

Plaintiff's Complaint fails to meet this burden. Specifically, plaintiff's bare assertions and conclusory allegations that the District "did not require and provide adequate training, supervision, and discipline of MPD Officers" and that the District was "deliberately indifferent to the rights of persons with whom these officers would come into contact" are not sufficient to support a claim of municipal liability. Plaintiff does nothing more than recite legal terms and standards and fails to allege any facts regarding the type of training or supervision the District engaged in, or failed to provide, to prevent the alleged constitutional violation from occurring. *See* Complaint at ¶ 16. More importantly, Plaintiff has not pled facts to show that his arrest and alleged assault was caused by any District custom, practice or policy. Plaintiff's failure to sufficiently plead municipal liability requires dismissal of his § 1983 claim against the District.

**B.    Plaintiff's Common Law Claim(s) Against the District Must be Dismissed For Failure to Comply With the Mandatory Notice Requirements of D.C. Official Code § 12-309.**

Plaintiff's negligence claim against the District is barred because he did not provide advance and timely notice of his claim to the Mayor or his designee(s), as required by D.C. Official Code § 12-309. D.C. Code § 12-309 provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the

7

> injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

Thus, any plaintiff seeking to bring a tort claim against the District must provide written notice of four distinct matters (the approximate time, place, cause and circumstances of the alleged injury) to the District's Mayor within six months of sustaining the injury. *Id.*; *District of Columbia v. Campbell*, 580 A.2d 1295, 1298 (D.C. 1990) (noting that D.C. Code §12-309 applies to negligence claims involving a District employee's tortious conduct).

Plaintiff has not satisfied the requirements of the statute. First, plaintiff failed to give written notice to the Mayor. *See* Declaration of Evelyn D. Lucas at ¶ 3, attached hereto as Exhibit A. Second, although a police report may satisfy the statute's requirements, the "the police report must contain the same information that is required in any other notice given under the statute." *Doe v. Fein*, 697 A.2d 23, 27 (D.C. 1997) (citing *Campbell v. District of Columbia*, 568 A.2d 1076, 1078-79 (D.C. 1990)). Thus, in order to constitute sufficient notice, a police report must recite "facts from which it could be reasonably anticipated that a claim against the District might arise.'" *Id.* (quoting *Pitts v. District of Columbia*, 391 A.2d 803, 809 (D.C. 1978)).

An arrest report was prepared in connection with plaintiff's arrest on July 5, 2008. *See* Police Report, attached hereto as Exhibit B. However, there is nothing in the report that directly or even indirectly refers to police misconduct towards Mr. Martin. *See id.* at 2. The report simply indicates that Mr. Martin was arrested for possession with intent to distribute marijuana. *See id.* at 2. Because the report suggests a lawful arrest, it cannot reasonably serve as sufficient notice of an "injury or damage." S*ee Jenkins v. District of Columbia*, 379 A.2d 1177, 1178

(D.C. 1977) (holding that a report must actually notify the District of the injury claimed); *Swinson*, 2009 U.S. Dist. LEXIS 39923 at *11. Not only does the report not place the District on notice of plaintiff's allegations of negligence, it does not notify the City of any potential common law claim. As such, plaintiff's failure to fully comply with D.C. Official Code §12-309, entitles the District to an order granting summary judgment in its favor on plaintiff's negligence claim.

## CONCLUSION

For the forgoing reasons, Defendant District of Columbia requests that this Court dismiss Plaintiff's Complaint against it with prejudice, and/or enter summary judgment in its favor

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/Zuberi B. Williams   /paj
ZUBERI BAKARI WILLIAMS [980789]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email: Zuberi.Williams@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINE MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:09-cv-01241 Judge Emmet G. Sullivan |
| THE DISTRICT OF COLUMBIA, et al., | ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Upon consideration of Defendant District of Columbia's Motion to Dismiss, its supporting Memorandum of Points and Authorities, any opposition thereto, and the entire record herein, it is this ____ day _____, 2009,

ORDERED, that the said motion be, and hereby is, GRANTED, and it is,

FURTHER ORDERED: that Plaintiff's claims against the Defendant are DISMISSED WITH PREJUDICE.

So ORDERED.

_____
The Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09-cv-01241 (EGS) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Upon consideration of Defendant District of Columbia's Motion for Summary Judgment, its supporting Memorandum of Points and Authorities, any opposition thereto, and the entire record herein, it is this ____ day _____, 2009,

ORDERED, that the said motion be, and hereby is, GRANTED, and it is,

FURTHER ORDERED: that summary judgment is hereby entered in favor of the District of Columbia.

So ORDERED.

_____
The Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia