UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE MARTIN,

    PLAINTIFF                      Civil Action No. 1:09-cv-01241

    v.

DISTRICT OF COLUMBIA, ET AL

    DEFENDANTS.

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA, ET AL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Plaintiff, by and through its counsel, GREEN & FOUSHEE and Iris McCollum Green, Esquire hereby files the instant opposition to the District of Columbia's motion to dismiss or in the alternative, motion for summary judgment.

## BACKGROUND

In the instant case, on July 5, 2008, at approximately 1700 hours (or 5 pm), Plaintiff Antoine Martin was falsely arrested by Metropolitan Police Officer (MPD) Alfonso Matos and charged with possession of marijuana with intent to distribute (PWID). Plaintiff Martin was taken to jail and placed in Lock up. In addition to being falsely arrested, Plaintiff Martin was falsely detained, and deprived of his civil rights.

On or about December 18, 2008, the D. C. Superior Court (J.Epstein) dismissed the criminal charges brought against Plaintiff Martin. Hence, the District failed to sustain any grounds for the arrest and detention of Plaintiff Martin.

During the course of Plaintiff Martin's arrest, he was assaulted, injured, and brutalized by the arresting officers, which include Officer Alfonso Matos and other unknown and unidentified MPD officers.

## I. STANDARD OF REVIEW

### A. THE MOTION TO DISMISS SHOULD BE DENIED

The District moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for a dismissal of Plaintiff's complaint. In the first section of its standard of review at page 4, the District picks some statements from the Supreme Court's holding in Bell Atlantic Corporation v. Twombley, 550 US 544 (2007) in support of its allegation that Plaintiff's claim fails to state a claim upon which relief can be granted.

In *Twombley,* Id., an anti-trust case, the Supreme Court stated, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." The Court further stated, "asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the  . . . claim is and the ground upon which it rests." *Conley v. Gibson,* 355 U.S.41, 47 (1957). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Here, Plaintiff's factual allegations are enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. For example, in his factual statement, Plaintiff Martin states, *inter alia,* that he was pursued by Defendant Officer Alfonso Matos who violently beat him with hands, fist and feet, including kicking and stomping him and violently throwing him to the ground, and throwing him around as though he were a rag doll, handcuffed him, placed him in a police vehicle, locked him up and charged him with the commission of a crime. Further, after being arraigned and following a subsequent court appearance, all charges against Plaintiff Martin were dismissed. Of course, the factual allegations are further illuminated in the various counts contained in Plaintiff Martin's complaint.

"The requirement is that the plain statement possesses enough heft to show that the pleader is entitled to relief." Id. at 547. "Detailed factual allegations are not required." Id. at 552. A plain reading of Plaintiff Martin's complaint against the District of Columbia, et al. leaves no doubt as to the basis of his claims, and show, that, if proven, he is entitled to relief. Moreover, the fact that Plaintiff Martin was arrested and charged with a crime, whose charges were subsequently dismissed has not and cannot be questioned. False arrest and detention, in and of themselves, are violations of an individual's civil rights.

Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations, *Scheur v. Rhodes,* 416 U.S. 233, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

### B.     THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

Plaintiff Martin hereby opposes the motion for summary judgment filed by the Defendant District of Columbia, et al. and states that there are genuine disputes as to issues of material fact.

As earlier stated Plaintiff Martin was falsely arrested on July 5, 2008, at approximately 5 PM (1700 Hours) in the 4300 of Fourth Street N. W. and charged with possession with intent to distribute marijuana (PWID).  See attached police report complaint No. 092-907.  Plaintiff Martin was arrested, locked up and taken before a judge on the false criminal charges. On December 18, 2008, the charges against Plaintiff Martin in Criminal Case No. 2008 CMD 017453, *United States v. Martin, Antonne* (sp) were Nolle Prosequi and dismissed by the Superior Court of the District of Columbia (J. Epstein).[1]  This Court can take judicial notice of the Superior Court action.

During the time that Plaintiff Martin was under arrest and detained by the D. C. Metropolitan Police Department, he was deprived of his civil rights and civil liberties, suffered humiliation and embarrassment, a loss of self esteem, damage to his reputation, emotional distress, and bodily injuries.

Further, in conjunction with this opposition, Plaintiff Martin will also file a Rule 56(f) motion to seek further discovery on the allegations in his complaint.

### II.     ARGUMENT

### A. The Plaintiff Has Pled Sufficient Facts to Support A Claim of Municipal Liability

---

[1] Plaintiff Martin was arrested, charged, and detained under the name(s) Martin, Antonne or Martin, Antionne.

Contrary to Defendant District of Columbia's assertions, Plaintiff Martin has sufficiently pled facts to support his claim of municipal liability. Plaintiff Martin has filed a ten (10) page complaint which sets out the individual acts of commission and omission perpetrated against him. The outcome of the individual acts, commissions and omissions perpetrated against Plaintiff Martin illustrate the deliberate indifference of the District of Columbia in its failure to follow policies and practices to require and provide adequate standards for hiring, training, supervision and discipline of MPD officers.

Moreover, Plaintiff Martin, in his ten (10) page complaint, has set out some of the things that happened to him while he was being falsely arrested and incarcerated. Indeed, Plaintiff denies that he fails to allege any facts regarding the type of training or supervision that the District engaged in. Plaintiff makes clear that the District followed policies and practices that did not provide adequate standards for hiring, training, supervision, and discipline of its officers, and was deliberately indifferent to the effect that such inadequate standards would lead to constitutional violations against members of the public such as Plaintiff Martin. See *Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978). Even under *Twombly,* Plaintiff Martin is not required to prove his case in the complaint; Plaintiff is only required to show that his claim is plausible and that his allegations are enough to raise his right to relief above the speculative level on the assumption that all of the allegations in his complaint are true. *Twombley*, 550 U.S. at 552.

Here, the actions of the D. C. Metropolitan Department in falsely arresting Plaintiff Martin demonstrates that the District had a policy and practice of failing to provide adequate standards for hiring, training, supervision, and discipline of its officers, and

was deliberately indifferent to the fact that such inadequate standards would lead to constitutional violations being imposed against members of the public such as Plaintiff Martin.  As a result of the MPD's policies of deliberate indifference led to the false arrest, unlawful detention, and deprivation of Plaintiff Martin's civil rights.

### B. **The Plaintiff Has Complied With the Notice Requirement of D. C. Official Code § 12-309**

District of Columbia Official Code § 12-309 requires that the District of Columbia receive written notice of an occurrence giving rise to a claim for unliquidated damages against the District of Columbia within six months of the occurrence.  The Code can be satisfied by written formal notice, or by a written police report.  With respect to police reports, the Code provides:  "A report in writing by the Metropolitan Police Department, in the regular course of duty, is a sufficient notice under this section."  The police report must set forth the approximate time, place, cause and circumstances of the injury.  (*see* D. C. Official Code § 12-309.

It is well settled that the existence and timelines of a police report or other written notice are strictly required, but the courts are unanimous in stating that the content of the notice is to be liberally construed. *See Doe by Fein v. District of Columbia, et al.,* 93 F.3d 861, 874 (D. C. Cir. 1996) (holding "Although the time provisions of the statute must be strictly construed, 'greater liberty is appropriate with respect to the content of the notice,' " citation omitted) ).  Indeed, "Requirements with respect to the content of the notice . . . are to be interpreted liberally, and in close cases we resolve doubts in favor of finding compliance with the statute."  Wharton v. District of Columbia, 666 A.2d 1227, 1230 (D.C. 1995) (emphasis in original).

This liberal construction is consistent with the primary purpose of D. C.Code § 12-309, which is to provide the District with sufficient notice to allow it to quickly investigate before evidence becomes lost or witnesses unavailable; correct hazardous conditions, and settle meritorious claims." *Fierson v. District of Columbia, et al.* 315 F. Supp.2d 52, 55 (D. D.C. 2004). Further, "these statutory purposes focus on fairness to the District, and not on technical perfection." *Wharton*, 666 A.2d at 1231. Most importantly:

> ***Claimants should not be deprived of [their] day in court by an unreasonably technical and burdensome application of [the] statute,*** *so long as notice is timely served . . . and is drafted with sufficient detail to accord [the District] a fair and reasonable opportunity to make a sufficient investigation.*

*Wharton,* 666 A.2d at 1231 (quoting *Washington v. District of Columbia,* 429 A.2d 1366 (D. C. 1981) (emphasis added).

The existence and timing of the Police Report clearly satisfy the strictly construed D. C. Code § 12-309 requirement of written notice. The Police Report was completed as of the date of Plaintiff Martin's arrest on July 5, 2008. Defendants acknowledge that portion of the statute which states that "A report in writing by the Metropolitan Police Department, in the regular course of duty, is a sufficient notice under this section."

The degree of specificity required under the statute, moreover, is the same whether the claimant provides written notice to the District or relies instead on an official police report. *Washington v. District of Columbia,* 429 A.2d at 1365 quoting *Eskridge v. Jackson ,* D. C. App. ., 401 AD. C. App., 401 2d 986, 989 (1979) (*per curiam)*  In *Pitts v. District of Columbia,* D. C. App., 391 A.2d 803, 809 (1978), The Court of Appeals held that "with respect to the cause element that notice would be sufficient "if it recites facts

from which it could be reasonably anticipated that a claim against the District might arise." *Id.* at 809.[fn.11]  This means that the written notice or police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence.  Such notice would suffice, therefore, if either characterized the injury and asserted the right to recovery or – without asserting a claim – described the injuring event with sufficient detail to reveal, in itself a basis for the District's potential liability."

In this instance, it is unquestioned that in addition to suffering assault and battery by members of the D. C. Metropolitan Police Department, Plaintiff Martin was arrested unlawfully.  As the D. C. Court of Appeals stated in *Pitts, Id.*, "with respect to the cause element, … "notice would be sufficient if it recites facts from which it could be reasonably anticipated that a claim against the District of Columbia <u>might arise</u>."

Although Defendant District of Columbia, et al., states that the written police report of Plaintiff Martin suggests a lawful arrest, and cannot reasonably serve as sufficient notice of an injury or damage; there is a line of cases issued by the D. C. Court of Appeals from the early 70's up to approximately 1980 which totally disregard the second portion of D. C. Code § 12-309 which states, "A report in writing by the Metropolitan Police Department, in the regular course of duty, is a sufficient notice under this section.  These cases, often without stated rationale totally disregard this part of the statute.  On its face, the second part of D. C. Code § 12-309 makes clear that a written police report made in the regular course of duty is sufficient to satisfy D. C. Official Code § 12-309.  Certainly, a police report noting the details of the arrest of a defendant puts one on notice that if the defendant is not subsequently convicted, that the arrest was

unlawful.  Moreover, in *Pits v. District of Columbia,* 391 A.2d at 809, the Court of Appeals stated that "with respect to the cause element that notice would be sufficient "if it recites facts from which it could be reasonably anticipated that a claim against the District might arise." In the instant case, the Metropolitan Police Department Officers arrested Plaintiff Martin on the suspicion of possessing marijuana with the intent to distribute it.

Further, in the police report, the (MPD) claims to have field tested the substance which they allege was marijuana on the spot at the time of the arrest.  The police report indicates that Plaintiff Martin was arrested on 4th Street, N. W.  Certainly, the MPD officers did not have a chemical laboratory available on 4th Street, N W. with which to field test any alleged drugs.  To state in a police report that a substance in a plastic bag allegedly tossed by Plaintiff Martin was marijuana without the benefit of chemical analysis should have put the District of Columbia on notice that the arrest of Plaintiff Martin for possession of marijuana with the intent to distribute (PWID) could not be substantiated, and, therefore, it could be reasonably anticipated that a claim against the District for "false arrest" might arise. *Washington,* 429 A.2d at 1366.  Indeed, "The statute was not intended to require "notice complete enough to state a formal cause of action. *Wharton,* 666 A.2d at 1232 (citing *Washington,* 429 A.2d at 1368).  Most notably, both the *Pitts* and *Washington cases* undercut the holdings in *Brown v. D. C.*, 304 A.2d 292 (D.C. 1973) and *Jenkins v. D. C.,* 379 A.2d 1177 (D. C. 1977) which summarily eliminated notice via police reports.  The later cases of *Pitts and Washington* which recognize the second part of D. C. Official Code § 12-309 are the precedent which this Court should follow.

## **CONCLUSION**

Based on the foregoing, Plaintiff Storrs prays that this Court will deny Defendant District of Columbia's motion to dismiss or in the alternative, summary judgment. Summary judgment is not appropriate where, as here, material facts are in dispute. See *Toney v. Bergland*, 645 F.2d 1063 (D.C. Cir. 1981). Summary judgment is an extreme remedy that is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. . . *see Ethnic Employees of Lib. Of Congress*, 751 F.2d 1405 (D.C. Cir. 1985).

                    Respectfully submitted,

                    GREEN & FOUSHEE

                    By:_____/s/_____
                    IRIS McCOLLUM GREEN, ESQ.
                    D. C. Bar No. 932590
                    1730 M Street, N. W., Suite 609
                    Washington, D. C. 20036-4604
                    (202) 785 – 1171

**CERTIFICATE OF SERVICE**

I hereby state on this 30th day of December 2009 that a copy of the foregoing opposition to motion to dismiss or in the alternative for summary judgment was served by eservice on the following counsel of record:

>Zuberi B. Williams, Esq.
>Assistant Attorney General
>Office of the Attorney General, D. C.
>441 Fourth Street, N. W., Suite 6-South
>Washington, D. C. 20001


_____/s/_____
Iris McCollum Green, Esq.