UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ANTOINE MARTIN,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No. 1:09-cv-01241 (EGS)
                                    )
THE DISTRICT OF COLUMBIA, *et al*., )
                                    )
            Defendants.             )
_____ )

### DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through undersigned counsel, herein files its Reply to Plaintiff's Opposition to its Motion, and states as follows:

1.This Court must treat the District's dispositive motion as conceded, and must not rely on Plaintiff's untimely response in ruling on the District's motion.  *See*  LCvR 7(b), which provides that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."  See November 20, 2009, Minute Order, requiring Plaintiff to file his Opposition brief by December 21, 2009.  As is reflected by Court docketing, Plaintiff did not file any opposition brief as required by December 21, 2009.  Instead, Plaintiff filed an Opposition brief on December 30, 2009, nine (9) days after the scheduled event.  *See* Docket Entry #8.  Plaintiff's filing is untimely and should be rejected for consideration.

2. Buried within Plaintiff's Opposition brief, is Motion for Leave to Late File. However, this motion was not docketed, and otherwise fails to meet the requirements of LCvR 7(m). More importantly, Plaintiff has not established good cause in the motion for the requested relief. As such, the Motion must be summarily denied, and the District granted dismissal and/or summary judgment.

3. Even is this Court accepted Plaintiff's belated filing, he has not met his burden to overcome the District's entitlement to judgment as a matter of law. Plaintiff simply has not pled specific facts to show that any District custom, practice or policy was the **moving** force behind his alleged constitutional injuries. Instead, Plaintiff described the alleged misconduct and seeks to hold the District liable under a theory or *respondeat superior* liability. As has been held by a long line of cases, a municipality cannot be held liable under § 1983 on the theory of *respondeat superior*. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997); *Hunter v. District of Columbia*, 943 F.2d 69, 74 (D.C. Cir. 1991); *Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989). Plaintiff's failure to sufficiently plead municipal liability requires dismissal of his § 1983 claim against the District.

4. The police report prepared in connection with Plaintiff's arrest simply does not satisfy the requirements of D.C. Official Code § 12-309. The report only reflects that Plaintiff was arrested, not that the District could be held liable for the arrest. *See Allen v. District of Columbia*, 533 A.2d 1259 (D.C. 1987) holding that "[w]hile tort claims statute permits reports by police to serve as alternative form of notice of claim against District, existence of police report does not necessarily mean that District has received type of actual notice which statute contemplated…." Instead, the report must meet the criteria established by statute. *See also,*

*Jenkins v. District of Columbia,* 379 A.2d 1177 (D.C. 1977), holding that "police report of plaintiff's arrest, coupled with his trial and acquittal and official United States Attorney "reports" on such case, did not, for purposes of plaintiff's claim against he District of Columbia for false arrest and malicious prosecution, constitute sufficient compliance with portion of notice of claim statute which provides that 'A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under [the statute.]'"   Accordingly, Plaintiff's common law claims must be dismissed and/or judgment entered in favor of the District.

    Respectfully submitted,

    PETER J. NICKLES
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

    /s/Zuberi B. Williams
    ZUBERI BAKARI WILLIAMS [980789]
    Assistant Attorney General
    Office of the Attorney General
    441 Fourth Street, N.W., Suite 6-South
    Washington, D.C. 20001
    Office: (202) 724-6650; (202) 727-6295
    Facsimile: (202) 730-0623
    Email:  Zuberi.Williams@dc.gov