UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTOINE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-1241 (EGS) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is the motion to dismiss, or alternative motion for summary judgment, of Defendant District of Columbia (the "District"). Upon consideration of the motion, the response and reply thereto, the applicable law, and for the reasons stated below, the Court hereby **GRANTS** the District's motion to dismiss.[1]

---

[1] Also pending before the Court is plaintiff's Motion for Leave to File Out of Time, which plaintiff improperly docketed as an attachment to his opposition brief. In his motion, plaintiff seeks leave to file his opposition brief nine days late due to purported computer problems. Defendant asks the Court to reject plaintiff's request and grant its motion to dismiss as conceded pursuant to Local Civil Rule 7(b). Given the presumption in favor of deciding cases on the merits, the Court declines defendant's request for summary dismissal and will therefore **GRANT** plaintiff's motion for leave to file out of time. Plaintiff's counsel is forewarned, however, that the Court will not tolerate such behavior in the future. Leave to late-file a brief must be obtained from the Court prior to filing the brief, and such relief will not be granted absent an exigent circumstance.

**I.   BACKGROUND**

Plaintiff, Antoine Martin, alleges that on July 5, 2008, while "walking peacefully in the vicinity of Fourth Street, N.W.," he was approached by Metropolitan Police Officer Alfonso Matos.  Compl. ¶ 7.  Officer Matos then "began to violently beat [Martin] with hands, fist and feet, and kick and stomp him, and violently throw [sic] him to the ground[.]"  Compl. ¶ 7.  Plaintiff was then handcuffed and placed under arrest for possession with intent to distribute marijuana.  See Compl. ¶¶ 7-8; see also Pl.'s Ex. 1.  Plaintiff appeared before a judge in the Superior Court of the District of Columbia on July 6, 2008, and was given a date to appear back in court.  Compl. ¶ 9.  Following a subsequent court appearance all charges against plaintiff were dismissed.  Compl. ¶ 10.

On July 6, 2009, plaintiff filed suit in this Court against the District of Columbia, Officer Matos, and other unknown and unidentified officers of the Metropolitan Police Department ("other MPD officers").  Plaintiff alleges that "[a]s a direct and proximate result of the actions of the Defendants," he "sustained numerous personal injuries to his body as a whole and suffered humiliation and embarrassment and a loss of self esteem[,] has suffered emotional distress, and has otherwise been severely damaged and injured."  Compl. ¶ 12.  He also alleges

violations of his Fourth and Fifth Amendment rights pursuant to 42 U.S.C. § 1983.  Compl. ¶ 13.  The District filed a motion to dismiss plaintiff's complaint as to the District.  This motion is now ripe for determination by the Court.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  "'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint[,]'"  *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A court must not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Id.*  In addition, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A complaint must therefore plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Atherton*, 567 F.3d at 681 (quoting *Iqbal*, 129 S. Ct. at 1949). This, in turn, "asks for more than a sheer possibility that a defendant has acted unlawfully"; a complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

**III. ANALYSIS**

The District moves to dismiss plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim. The District also moves to dismiss plaintiff's common law tort claims for failure to comply with the statutory notice requirements of D.C. Code § 12-309. These arguments will be explored in turn.

    **A.   Municipal Liability Under § 1983**

Plaintiff alleges that the conduct of Officer Matos and other MPD officers violated his Fourth Amendment rights, and that as a result of their actions, the District is liable pursuant to

42 U.S.C. § 1983.  *See* Compl. ¶¶ 14-16.  Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

As a threshold matter, a municipality cannot be held vicariously liable for the actions of its officers.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  Instead, a municipality can only be liable under § 1983 if "the municipality is itself responsible for an unconstitutional deprivation of rights" – i.e., when the "execution of a government's policy or custom . . . inflicts [an] injury." *Atchinson v. District of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996) (citing *Monell*, 436 U.S. at 690-91, 694) (internal quotation marks omitted).[2]  Therefore, "[i]n considering whether

---

[2] "There are a number of ways in which a 'policy' can be set by a municipality to cause it to be liable under § 1983: the explicit setting of a policy by the government that violates the Constitution; the action of a policy maker within the government;

a plaintiff has stated a claim for municipal liability . . . the court must [first] determine whether the complaint states a claim for a predicate constitutional violation. . . . [and] if so, then . . . determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003); *see also Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007) ("To impose liability on the District under 42 U.S.C. § 1983, [the plaintiff] must show not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation." (internal quotation marks omitted)).

In his complaint, plaintiff alleges that he was deprived of his right under the Fourth Amendment "to be secure in his person against unreasonable searches and seizures" by the actions of Officer Matos and other MPD officers. *See* Compl. ¶ 15. Accepting as true all of the factual allegations contained in the complaint, the Court concludes that plaintiff has sufficiently pled a predicate constitutional violation.

---

the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become 'custom,'; or the failure of the government to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations[.]" *Baker*, 326 F.3d at 1306-07 (internal citations omitted).

The Court must now determine whether plaintiff has sufficiently pled a municipal custom or policy as the moving force behind the alleged misconduct of Officer Matos and other MPD officers. *See Baker*, 326 F.3d 1306 ("The court must determine whether the plaintiff has alleged an affirmative link, such that a municipal policy was the moving force behind the constitutional violation[.]" (internal citations and quotation marks omitted)). In his complaint, plaintiff alleges that:

> Defendant District of Columbia followed policies and practices that did not require and provide adequatestandards [sic] for h [sic] officers, and that did not require and provide adequate training, supervision, and discipline of MPD officers, including Defendants Matos, and other unknown and unidentified MPD officers. Defendant District of Columbia was deliberately indifferent to the rights of persons with whom these officers would come into contact. The policies and practices of the District of Columbia thereby caused plaintiff to be deprived of his right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures.

Compl. ¶ 16. While the failure to train, supervise, or discipline city employees can constitute an actionable policy or custom under § 1983 if it amounts to "'deliberate indifference towards the constitutional rights of persons in its domain'," *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)), the Court concludes that plaintiff's allegations cannot survive the District's motion to dismiss as "[t]hey do nothing more than recite the requisite causal elements of custom or

7

policy liability based on deliberate indifference[.]" *Smith v. District of Columbia*, 674 F. Supp. 2d 209, 212 (D.D.C. 2009). Plaintiff's conclusory statements – unsupported by additional factual allegations – are simply insufficient to state a claim under § 1983 against the District.[3] Accordingly, because plaintiff has provided only "'a formulaic recitation'" of the

---

[3] *See, e.g.*, *Missel v. County of Montoe*, 351 Fed. Appx. 543, 546 (2d Cir. 2009) (finding that plaintiff's municipal liability claim was properly dismissed where the complaint did not "contain any factual allegations to support [the plaintiff's] conclusory and speculative assertions" regarding the County's alleged failure to train the individual defendant); *Ainsworth v. City of Tampa*, No. 10-293, 2010 U.S. Dist. LEXIS 54742, at *21-22 (M.D. Fla. June 2, 2010) (dismissing complaint for failure to state a claim of municipal liability where "plaintiffs provide[d] no additional factual allegation – other than conclusory statements as to the City's failure to train – supporting the existence of an unconstitutional municipal policy"); *Ottovich v. City of Fremont*, No. 09-4181, 2010 U.S. Dist. LEXIS 61761, at *11 (N.D. Cal. May 28, 2010) ("[T]he [amended complaint] fails to identify any deficiency in [the municipality]'s training program, let alone how any such deficiency reflects a deliberate or conscious choice by [the municipality] or resulted in the alleged injury to [plaintiffs]. Rather, plaintiffs' allegations are wholly conclusory, and, consequently, insufficient to support plaintiffs' claim."); *Humphrey v. John Doe Officer One*, No. 09-1689, 2010 U.S. Dist. LEXIS 38661, at *9-10 (M.D. Pa. April 20, 2010) (dismissing plaintiff's claim for municipal liability for failure to "'raise a right to relief above the speculative level'" where plaintiff alleged the legal elements of a failure-to-train claim without supporting factual allegations (quoting *Twombly*, 550 U.S. at 555)); *Abreu v. City of New York*, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (dismissing municipal liability claim because the complaint's "conclusory, boilerplate language" that the City "fail[ed] to adequately train, discipline, and supervise [the individual defendants]" and "fail[ed] to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior [of their employees]" was insufficient to suggest "a deliberate choice by municipal policymakers to turn a blind eye to unconstitutional conduct").

elements of a § 1983 failure-to-train claim, *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555), the Court **GRANTS** defendant's motion to dismiss as to plaintiff's municipal liability claim.  This claim is hereby dismissed without prejudice.[4]

### B.  Plaintiff's Common Law Tort Claims

The District also asserts that plaintiff's common law tort claims against the District should be dismissed because plaintiff failed to provide proper notice of those claims pursuant to D.C. Code § 12-309.  *See* Def.'s Br. at 7-8.  In order to bring a tort claim against the District, § 12-309 requires a plaintiff to provide written notice of the approximate time, place, cause, and circumstances of the injury or damage to the Mayor of the District of Columbia within six months of sustaining the injury or damage.  *See* D.C. Code § 12-309.[5]  Section 12-309 can also be

---

[4]  In the event that plaintiff seeks leave of the Court to file an amended complaint reasserting municipal liability, plaintiff should be mindful that he must assert a factual basis for his municipal liability claim sufficient to overcome the more stringent pleading standards imposed by the Supreme Court's decisions in *Twombly*, 550 U.S. 544 and *Iqbal*, 129 S. Ct. 1937. Specifically, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," not mere conclusory statements regarding the District's alleged liability.  *Atherton*, 567 F.3d at 681 (quoting *Iqbal*, 129 S. Ct. at 1949).

[5]  D.C. Code § 12-309 provides that: "An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District

satisfied by a written report by the Metropolitan Police Department.  *See id.*  The purpose of § 12-309 is to "'provide an early warning to District of Columbia officials regarding litigation likely to occur in the future,'" and "'permit the District to conduct an early investigation of the facts and circumstances surrounding such claims.'"  *Musgrove v. District of Columbia*, 602 F. Supp. 2d 141, 145 (D.D.C. 2009) (quoting *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978)).

Plaintiff contends that the written police report in this case satisfies § 12-309.  Pl.'s Opp'n Br. at 6-9; *see also* Def.'s Ex. 1.  This report states, in relevant part:

> Officers were traveling north in the 4200 block of 2nd Street when [plaintiff] looked at Officer Hill's cruiser and ran in the south alley of the 4300 Block of 2nd Street, NW.  Officer Matos then observed [plaintiff] placed [sic] his hand in his right from [sic] jeans pocket and tossed [sic] a plastic bag containing green weed like substance between two black garbage bags.  Officer Matos observed [plaintiff's] action and pursue[d] [plaintiff] from the 4300 Block of 2nd Street, NW to the 200 block of Varnum Street, NW. [Plaintiff] turned north in the 4300 block of 4th Street, when Officer Dossen and Officer Matos stopped [plaintiff] in the middle of the block.  Officer Hill respondent [sic] back to the location where [plaintiff] tossed the clear plastic bag and recovered the bag. . . . [Plaintiff] was placed under arrest for USCA PWID Marijuana and was transported to the 4th district for process[.]

---

of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section."

Def.'s Ex. 1.[6]

While a police report can satisfy § 12-309, it does so only if it asserts facts from which the District could reasonably anticipate that a claim against the District would arise from plaintiff. *See, e.g.*, *Allen v. District of Columbia*, 533 A.2d 1259, 1262 (D.C. 1987). The existence of a police report, therefore, "does not necessarily mean that the District has received the actual notice which § 12-309 contemplates[.]" *Id.* Instead, to satisfy § 12-309, the police report "must contain information as to the time, place, cause and circumstances of injury or damage with at least the same degree of specificity required of a written notice." *Id.* (internal quotation marks omitted).

In this case, the police report suggests a lawful arrest of plaintiff, and contains no reference to any assault or injury of plaintiff. While plaintiff asserts that "a police report noting the details of the arrest of a defendant puts one on notice that if the defendant is not subsequently convicted, that the arrest

---

[6] Although the police report was not attached to the complaint, the Court will treat it as incorporated therein, *see* Compl. ¶ 8 ("On July 5, 2008, Plaintiff Martin was placed under arrest and cited as arrest number 040802022."), and therefore declines to convert defendant's motion to dismiss to a motion for summary judgment. *See generally, e.g.*, *Marcelus v. Corr. Corp. of America*, 540 F. Supp. 2d 231, 235 n.5 (D.D.C. 2008) (explaining that courts "may consider documents attached to or incorporated by the complaint in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment").

was unlawful" he cites no caselaw to support this point, *see* Def.'s Opp'n Br. at 8-9, nor is the Court aware of any.  To the contrary, the District of Columbia Court of Appeals has held that "a police report of an arrest is presumptively devoid of any notice of a potential claim of injury or damage from false arrest, assault and battery, or negligence[.]"  *Allen*, 533 A.2d at 1263.  Accordingly, because the police report in this case did not provide the type of information that would have allowed the District to anticipate plaintiff's claims, the Court concludes that plaintiff cannot maintain his common law tort claims against the District as he failed to satisfy the notice provisions of § 12-309.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the District's motion to dismiss.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:    Emmet G. Sullivan**
            **United States District Court Judge**
            **July 1, 2010**